UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN RECTOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:12-CV-1322 NAB |
| | ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Steven Rector's Motion to Remand. [Doc. 6]. Defendant Nationwide Mutual Insurance Company filed Suggestions in Opposition to Plaintiff's Motion to Remand. [Doc. 14]. Plaintiff filed a Reply to Defendant's Response. [Doc. 15]. The Court held a hearing on the motions on November 28, 2012. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

**I.    Background**

Plaintiff filed a Petition in the Circuit Court for the City of St. Louis, State of Missouri alleging a breach of contract and vexatious refusal to pay claims against Defendant as the result of a car accident. Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting jurisdiction based on the diversity of citizenship of the parties. Plaintiff filed a motion to remand asserting that diversity jurisdiction does not exist, because his claim does not exceed the requirements of an amount in controversy that exceeds $75,000.00. In support of his motion, Plaintiff filed a stipulation that he is not seeking in excess of $75,000.00 and he agrees to limit his damages to $75,000.00.

## II. Standard

"Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing 28 U.S.C. § 1441(b)). The party seeking removal has the burden to establish federal subject matter jurisdiction. *Central Iowa*, 561 F.3d at 912. The removing party must prove the requisite amount by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "This standard applies regardless of whether the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *Id.* "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum has been satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are to strictly construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or more pertinent to this case, at the time of removal." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In removals of civil cases based on diversity jurisdiction pursuant to § 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). The notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages

in excess of the amount demanded and the district court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in § 1332(a). 28 U.S.C. § 1446(c)(2). "A plaintiff can prevent removal by attaching a sworn stipulation limiting recovery to $75,000 when filing the action in state court." *Jackson v. Fitness Resource Group, Inc.*, 4:12-CV-986 DDN, 2012 WL 2873668 at *2 (E.D. Mo. July 12, 2012) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938)). Once a case is removed to federal court, however, a plaintiff cannot defeat federal jurisdiction by agreeing to collect less than the jurisdictional amount. *St. Paul*, 303 U.S. at 292-93. "Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading." *Ingram v. Proctor & Gamble Paper Products Co.*, 4:11-CV-549 CAS, WL 1564060 at *2 (E.D. Mo. April 25, 2011).

**III.     Discussion**

The primary issue in the Motion to Remand is whether the amount in controversy has been established. Defendant asserts that Plaintiff's original Petition and proposed Amended Complaint demonstrate that the amount in controversy exceeds $75,000. Plaintiff's prayer for relief in the original Petition does not allege a demand, as is the practice in Missouri state court, but seeks judgment in excess in $25,000. Pet. 23. Plaintiff's original Petition also contains allegations, however, that the policy limit for his insurance policy with Defendant is $100,000. Pet. 21. Plaintiff also alleges that he sent four demands for payment of the policy limit and Defendant refused to pay that amount. Pet. 33-37. Plaintiff alleges that the refusal to pay the policy limits is vexatious and without good reason. Defendant states that these allegations "plainly [reflect] that the amount in controversy exceeds $75,000." Pet. 38. Defendants also rely upon the demand letters sent by Plaintiff, which demonstrate Plaintiff made four demands for a $100,000 settlement.

3

Plaintiff's proposed Amended Petition contains the same allegations regarding the $100,000 demands. Am. Pet. 33-38. The proposed Amended Petition contains a stipulation that "in no event shall the combined total verdict exceed Seventy-Five Thousand Dollars." Plaintiff also filed a Stipulation with his Reply Memorandum stating that Plaintiff "irrevocably agrees that the amount of damages claimed by him in this action is and will forever be less than $75,000.00 exclusive of interest and costs." [Doc. 15-1]. Plaintiff's stipulation also states that the "Plaintiff hereby irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount of damages, which may be sought by or awarded to plaintiff in this case." *Id.* Further, Plaintiff states that he "agrees, acknowledges, and understands that this stipulation is binding upon him and cannot be rescinded or revoked under any circumstance regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action." *Id.*

Because the Court finds that Plaintiff's Stipulation is binding on him in this Court as well as any other court, and may be enforced through appropriate sanctions, the Court finds that the jurisdictional amount in controversy has not been met in this case. *See Ingram* at *2, n. 1 (sworn stipulation binding upon plaintiff and enforceable through appropriate sanctions); *Fliter v. Werner Enter., Inc.*, No. 4:05-CV-2002 CDP, 2005 WL 5834638 at *1 (E.D. Mo. Dec. 14, 2005) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. [Doc. 8]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's First Amended Petition is **DENIED as moot**. [Doc. 6]

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twenty-Second Judicial Circuit Court of the City of St. Louis, Missouri.

Dated this 14th day of December, 2012.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE